IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

3:17-mj-1032-MCR

v.

INDICTMENT

4:17cr5-MW

JOSEPH MELTON
and
JUDEX JEAN-MARIE

_____/

THE GRAND JURY CHARGES:

COUNT ONE

A.  THE CONSPIRACY

Between on or about January 11, 2012, and on or about September 4, 2013, in the Northern District of Florida and elsewhere, the defendants,

JOSEPH MELTON
and
JUDEX JEAN-MARIE,

did knowingly and willfully combine, conspire, confederate, and agree together and with other persons to devise a scheme to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing this scheme, to cause wire communications to be transmitted in interstate commerce, in violation of Title 18, United States Code, Section 1343.

## B. MANNER AND MEANS

It was part of this conspiracy that:

1. The conspirators fraudulently obtained and stored personal identifying information ("PII") of approximately 3,000 individuals, including the names, dates of birth, and social security numbers of other persons ("victims"), without those persons' knowledge or consent.

2. The conspirators obtained PII from multiple sources, including from fraudulent job advertisements posted on Craiglist.org.

3. **JOSEPH MELTON and JUDEX JEAN-MARIE** caused to be prepared and electronically filed fraudulent federal income tax returns using, without authorization, the victims' PII.

4. The conspirators caused the Internal Revenue Service to issue tax refunds in the names of the victims.

5. The conspirators caused fraudulently obtained tax refunds to be electronically loaded onto debit cards controlled by the conspirators.

6. **JOSEPH MELTON** used the debit cards at automated teller machines to obtain United States currency and at businesses to make purchases.

7. By this conduct, the conspirators fraudulently obtained, and attempted to obtain, tax refunds totaling approximately $2.7 million.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO

Between on or about March 3, 2013, and on or about August 21, 2013, in the Northern District of Florida, the defendant,

## JOSEPH MELTON,

knowingly and with the intent to defraud, did effect transactions with one or more access devices issued to another person, to wit, debit cards and account numbers issued in the names of K.H., J.S., J.F., J.C., and M.M., to receive payments and things of value during a one-year period, the aggregate value of which was equal to or greater than $1,000, and by this offense, did affect interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(5), 1029(c)(1)(A)(ii), and 2.

## COUNT THREE

Between on or about March 3, 2013, and on or about August 21, 2013, in the Northern District of Florida and elsewhere, the defendant,

## JOSEPH MELTON,

did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, the name, date of birth, and social security number of K.H., J.S., J.F., J.C., and M.M., during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), namely, use of an access device issued to another person as charged in Count Two of this Indictment.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT FOUR

Between on or about August 1, 2013, and on or about September 4, 2013, in the Northern District of Florida, the defendant,

**JUDEX JEAN-MARIE,**

knowingly and with the intent to defraud, did possess fifteen or more unauthorized access devices, namely, the social security numbers of approximately 3,000 persons, and by such conduct did affect interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(3) and 1029(c)(1)(A)(i).

## COUNT FIVE

Between on or about August 20, 2013, and on or about September 4, 2013, in the Northern District of Florida and elsewhere, the defendants,

**JOSEPH MELTON
and
JUDEX JEAN-MARIE,**

did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, the name, date of birth, and social security number of C.D., during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), namely, conspiracy to commit wire fraud as charged in Count One of this Indictment.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## CRIMINAL FORFEITURE

The allegations contained in Counts One, Two, and Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture.

From their engagement in the violations alleged in Counts One, Two, and Four of this Indictment, the defendants,

**JOSEPH MELTON**
**and**
**JUDEX JEAN-MARIE,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(B), and Title 28, United States Code, Section 2461(c), any and all of the defendants' right, title, and interest in any property, real and personal, constituting, and derived from, proceeds traceable to such offenses; and any personal property used and intended to be used to commit Counts One, Two, and Four, pursuant to Title 18, United States Code, Section 1029(c)(1)(C).

If any of the property described above as being subject to forfeiture, as a result of acts or omissions of the defendants:

    i.    cannot be located upon the exercise of due diligence;

    ii.    has been transferred, sold to, or deposited with a third party;

    iii.    has been placed beyond the jurisdiction of this Court;

      iv.    has been substantially diminished in value; or

      v.    has been commingled with other property that cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

A TRUE BILL:

_____

2-7-17
DATE

_____
CHRISTOPHER P. CANOVA
United States Attorney

_____
GARY MILLIGAN
Assistant United States Attorney